IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Kenneth D Rulapaugh, | No. CV-24-01307-PHX-ROS (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Christine Armenta, et al., | |
| Defendants. | |

On March 14, 2025, Magistrate Judge Camille D. Bibles issued a Report and Recommendation ("R&R") recommending that Plaintiff's Motion to Amend the Amended Complaint (Doc. 49) be denied. (Doc. 56). Plaintiff filed an Objection to the R&R on April 3, 2025. (Doc. 58). For the reasons set forth below, the R&R will be adopted in full and Plaintiff's Motion to Amend will be denied.

Plaintiff's proposed second amended complaint names only Nurse Practitioner Armenta as a defendant and restates the single Eighth Amendment claim raised in his original and amended complaints against Defendant Armenta. (Doc. 50). In his Motion to Amend the Amended Complaint, Plaintiff asserts his belief that each separate civil rights violation stated in a count for relief "was only looked at for it's own crime and it's own merits. Not combining two separate count's into one Civil Rights crime case. (sic)" (Doc. 49 at 1-2). Plaintiff asserts he "cannot find any law that say's he cannot keep the two separate count civil right's crime cases separate, and have two separate trials. (sic)" (Doc. 49 at 2). Plaintiff further avers he:

>  … wishes to and requests to file his Second Amended Complaint. With Christine Armenta in Count One only by herself. To answer to her own intentional and deliberate indifference … Plaintiff wants Christine Armenta to go to trial by herself. …
>
>  The time limit of two years to file a Civil Rights Complaint … for Civil Rights violation against a Prisoner has not expired for Stevens Rodney. Plaintiff is filing a separate Complaint by a Prisoner … against Stevens Rodney. It is all written up waiting on Court Judges permission for Second Amended Complaint. …
>
>  Plaintiff is dropping Stevens Rodney from this present case … To file a Complaint against him self (sic) to answer to his own Civil Rights crime against the Plaintiff. …

(Doc. 49 at 2). The relief Plaintiff seeks in his Motion, effectively a bifurcation of his claims, was previously denied by the Court in Plaintiff's previous motion to require each Defendant file a separate answer to the Amended Complaint. (Doc. 47).

The R&R noted Plaintiff failed to file a timely reply in support of his Motion. It found that allowing bifurcation would prejudice Defendant Rodney and would not be in the interest of judicial efficiency because this "would require Plaintiff to pay a filing fee, require additional work on behalf of the Clerk of the Court, require the Court to screen a new complaint, and require the United States Marshal to effect service of the new complaint on Defendant Rodney." (Doc. 56 at 4). The Court agrees.

In his Objection, Plaintiff argues his Reply, filed on March 18, 2025, was timely because he did not receive Defendants' Response to his Motion until three days after it was filed with the Court, and "[i]n this case the time limit of ten day's (sic) to reply, should be extended from 03/12/25 to 03/14/25." (Doc. 58 at 3). Under LRCiv 7.2(d), the moving party has seven days "after service of the responsive memorandum to file a reply memorandum." Defendants filed their Response on February 26, 2025 and attached a Certificate of Service indicating the document "was served by first class mail to the Plaintiff who is not a registered participant of the CM/ECF system" on the same day. (Doc. 55 at 4). Seven business days after February 26, 2025 is March 7, 2025. But even if the date of service meant the date of receipt, which it does not, Plaintiff would have had until

March 12, 2025 to file his reply. Plaintiff filed the Reply on March 18, 2025, and it is thus untimely.

Nevertheless, even considering Plaintiff's Reply in support of his Motion and his Objection to the R&R, the Motion warrants denial. Plaintiff provides no factual evidence for why he will be prejudiced if the matter was not bifurcated into two separate cases. He states, "To have the two defendant's (sic) tried together will not serve justice for the Plaintiff. Neither will it serve justice for what each defendant deserves for there (sic) civil right's (sic) crimes against the Plaintiff." (Doc. 57 at 5; *see also* Doc. 58 at 10). Plaintiff rehashes the same arguments already considered and rejected by the Court. (*See* Doc. 47). Because the decision to bifurcate a case is committed to the sound discretion of the Court, *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002), and because Plaintiff did not meet his burden of establishing that doing so "will promote judicial economy and avoid inconvenience or prejudice to the parties," *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992), Plaintiff's Motion to Amend the Amended Complaint is denied.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 56) is **ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Amend the Amended Complaint (Doc. 49) is **DENIED**.

Dated this 29th day of August, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge